FOX v. WOODS.

(Supreme Court, Appellate Term.　November 29, 1905.)

1. SALES—CONTRACT—BREACH—MEASURE OF DAMAGES.

　　In an action for breach of a contract to purchase a lease of a house and furniture therein, plaintiff was entitled to recover the difference between the contract price of the furniture and what she was able to obtain therefor on a resale fairly conducted, and the pro rata amount of rent she was compelled to pay less any amount she received for the rent of rooms in the house during such period, together with certain expenses to which she was placed in packing articles in the house.

　　[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 1107.]

2. SAME—PRIVATE SALE—REASONABLENESS.

　　Where, after breach of a contract for the purchase of household furniture, plaintiff resold the furniture at private sale, and the evidence

in an action for breach of the contract as to the efforts made by plaintiff to obtain a large price for the furniture was meager, the question whether the sale was fairly conducted should have been submitted to the jury.

3. SAME.

Where, in an action for breach of a contract for the purchase of certain household furniture, etc., plaintiff claimed that she was damaged by certain expenses to which she was put in packing certain furniture, the reasonableness of such expenses was for the jury.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Nettie B. Fox against Lucy A. Woods. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed. See 94 N. Y. Supp. 344.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Wray & Callaghan, for appellant.

Josiah Cantor, for respondent.

SCOTT, P. J. Defendant agreed to purchase from plaintiff for the sum of $1,000 the lease of a house and the furniture therein. Two hundred dollars was paid on account of the purchase, but before the time agreed upon for the completion of the sale had arrived defendant, for no justifiable cause so far as the record shows, repudiated the agreement and refused to complete it. Plaintiff elected, as was her right, to resell the property and hold defendant for the loss. Upon such resale there was a loss of $350, which sum, less the $200 paid by defendant at the time of making the contract, was claimed as plaintiff's loss on the sale. The sale was to have been consummated on September 15th, and the resale was not completed until October 1st, and plaintiff also claims for $75, being the rent from September 15th to October 1st, which she was obliged to pay in consequence of defendant's default. She also claims for certain expenses to which she was put in packing articles not agreed to be purchased by defendant.

We are of opinion that plaintiff was entitled to a recovery upon all these items of damage, and if the question of the amount of such damage had been left to the jury, and the present judgment had resulted from an undirected verdict, we should have found no difficulty in affirming it. For some reason, however, the justice directed a verdict, and left nothing, so far as these items are concerned, to the determination of the jury. It is undoubtedly the rule that, when a purchaser of personal property has refused to complete the purchase, the vendor may, if he so elects, sell the property for the best price he can obtain and hold the purchaser for the difference; and it is not absolutely necessary that the sales should be made at auction or that notice should be given to the defaulting purchaser, yet it is essential that the sale must be fair and such as is most likely to produce most nearly the full and fair value of the article. Van Brocklen v. Smeallie, 140 N. Y. 70, 35 N. E. 415. The resale is, after all, only a method of ascertaining the damage suffered by the seller, and the price obtained is only evidence as to the damage. However conclusive may be this evidence when the sale is made at auction, or

upon notice to the defaulting purchaser, we are of opinion that where, as in the present case, the sale is by private treaty, and no notice is given to the party to be charged, the question as to the manner in which the resale was conducted and the reasonableness of the efforts made to obtain a fair price should be submitted to the jury. Especially is this· so in the case at bar, for the evidence as to the efforts to obtain a large price was at best but meager. So, as to the other items of damage, it should have been left to the jury to say whether the amount paid out for packing was reasonable. As to the rent from September 15th to October 1st, we think that it constituted an item of damage; but, if the plaintiff collected any sums for the rent of rooms during that period, the amount so collected should be deducted from the rent.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.